**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fidencio CASTRO–VERDUGO,
aka Fidel Castro–Verdugo,
Defendant–Appellant.**

No. 16–50207

United States Court of Appeals,
Ninth Circuit.

Submitted October 3, 2017 *
Pasadena, California

OCTOBER 10, 2017

Lawrence E. Spong, Assistant U.S., Benjamin Holley, Assistant U.S., Helen H. Hong, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael Marks, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: GRABER, MURGUIA, and CHRISTEN, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

See Fed. R. App. P. 34(a)(2).

**408**

MEMORANDUM **

Defendant Fidencio Castro–Verdugo appealed the district court's denial of his 8 U.S.C. § 1326(d) motion to dismiss the indictment, in which he argued that his underlying removal proceeding did not comport with due process and could not serve as the basis for his charge under 8 U.S.C. § 1326. Reviewing de novo, United States v. Pallares–Galan, 359 F.3d 1088, 1094 (9th Cir. 2004), we affirm.

The district court did not err in denying Castro–Verdugo's motion to dismiss the indictment. The IJ complied with the procedural due process requirement to inform Castro–Verdugo of his eligibility to apply for relief from removal and afford him the opportunity to apply for such relief. See United States v. Gonzalez–Flores, 804 F.3d 920, 927 (9th Cir. 2015), cert. denied, — U.S. ——, 136 S.Ct. 1234, 194 L.Ed.2d 229 (2016). The IJ "meaningfully advised" Castro–Verdugo of his rights where the IJ informed him of the right to present evidence, identified the specific relief he might be eligible for, and engaged in a one-on-one discussion with him giving him an opportunity to understand what the IJ was considering and to respond. See United States v. Melendez–Castro, 671 F.3d 950, 954 (9th Cir. 2012) (per curiam).

Castro–Verdugo also argues that his case is analogous to Melendez–Castro in which the court held Melendez–Castro was not meaningfully advised of his right to seek voluntary departure because the IJ told Melendez–Castro that he was eligible for relief, but immediately stated he would not grant the relief because of Melendez–Castro's criminal history. Id. However, Melendez–Castro is distinguishable because here there is no indication in the

record before us that the IJ prejudged Castro–Verdugo's possible application for relief.

Accordingly, Castro–Verdugo's underlying removal order is not fundamentally unfair and stands as a predicate element for his charge under 8 U.S.C. § 1326, removed alien found in the United States.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

